<hr/>

### In re MALSBY MACHINERY CO.

(District Court, S. D. Florida.    October 4, 1923.)

#### No. 2521.

Bankruptcy ⚖⇒391 (3)—Bankrupt held not entitled to restrain suit in state court.
　　The taking of testimony in a suit in a state court, commenced before filing of petition in bankruptcy, seeking an accounting of collections charged to have been made by the alleged bankrupt of hypothecated choses in action, and misapplied by it and its codefendant in such suit, will not be restrained until the issue of insolvency of bankrupt can be adjudicated in the bankruptcy proceeding.

In Bankruptcy. In the matter of the Malsby Machinery Company, alleged bankrupt. An order was granted, enjoining the taking of testimony in a suit in a state court, and the complainant in such suit moves to dissolve the restraining order. Motion granted.

Fred B. Noble, of Jacksonville, Fla., for petitioner.
Van C. Swearingin, of Jacksonville, Fla., for alleged bankrupt.

CALL, District Judge. On March 16, 1923, an involuntary petition in bankruptcy was filed against the bankrupt; answer to this petition was filed August 12th, in which insolvency is denied, and a jury trial demanded. On September 10th a petition was filed by the bankrupt, asking that the master appointed by the state court be enjoined from taking testimony in a suit therein pending; that said suit affects the goods and property involved in the bankruptcy proceedings. An order

as prayed was granted. On October 3d the complainant in the case in the state court filed her motion to dissolve the restraining order.

The bill in the state court was filed December 1, 1922, and alleges certain loans were made by the complainant to the bankrupt on October 11, 17, 23, and 31, and November 13, 1922, and assignments of certain choses in action taken as security for said loans, and seeks to have an accounting of collections charged to have been made by the bankrupt of these hypothecated choses in action, and misapplied by it and its codefendant in said suit.

In the condition of this suit in the state court, the relief sought, and the stage of progress of same, I do not feel that equity and good conscience demand that the complainant be restrained from pushing her suit to a final decree until the issue of insolvency vel non can be adjudicated in this court. Nor do I think that any interference with the assets of the bankrupt, if it should be adjudicated a bankrupt, is threatened by said suit, proceeding even to a final decree.

The motion to dissolve the injunctional order heretofore entered herein on the 10th of September, 1923, will be granted.